# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

|  |  |  |  |
|---|---|---|---|
| | Plaintiff, | : | Case No. 3:09-cr-015 |
| | | | Also 3:16-cv-202 |
| | | | |
| | | | District Judge Thomas M. Rose |
| - vs - | | | Magistrate Judge Michael R. Merz |

RONELL S. RHODES,

| | Defendant. | : |
|---|---|---|

---

# REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion (ECF No. 59) which the Court has construed as a motion to vacate judgment[1] because it relies on *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), in which the Supreme Court held the residual clause of the ACCA, 18 U.S.C. § 924(e)(1), is unconstitutionally vague.

The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it.  If it
> plainly appears from the motion, any attached exhibits, and the

---

[1] *In re Shelton*, 295 F.3d 620 (6th Cir. 2002), which speaks to recharacterizing motions made under other rules as 2255 motions does not apply here because (1) Rhodes does not menion another rule and (2) Rhodes' time for filing a § 2255 motion on any other basis than *Johnson* has already expired.

> record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

As with all post-judgment collateral attacks on criminal judgments, the Motion has been referred to the undersigned under the Dayton General Order of Assigment and Reference (General Order Day 13-01).

Rhodes argues he was convicted under 18 U.S.C. § 924(c)(3) and "post-Johnson arguments that can be used to attack [19 U.S.C. §] 16(b)'s residual clause can also be used to argue that the residual clause in 924(c)(3) is void for vagueness." *Id.*  at PageID 427.

The Indictment in this case charged Rhodes with possession with intent to distribute five or more grams of cocaine base (Count 1), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2), and possession of a firearm by a convicted felon (Indictment, ECF No. 11).  On October 5, 2009, Defendant entered into a Plea Agreement with the United States, under which he pled guilty to all three counts, reserving his right to withdraw the plea if the Sixth Circuit reversed this Court's decision on Rhodes' motion to suppress (Plea Agreement, ECF No. 36).  The plea was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) with the agreement of the parties that the appropriate sentence was the mandatory minimum of ten years. *Id.*  at PageID 193.

Rhodes relies on 18 U.S.C. § 16 reads:

**§16. Crime of violence defined**

The term "crime of violence" means—

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Rhodes is correct that 18 U.S.C. § 16(b) contains language which is substantially parallel to the language in 18 U.S.C. § 924(e)(2)(B)(ii) found to be unconstitutionally vague by the Supreme Court in *Johnson*. However, Johnson provides no basis for relief for Rhodes in this case because Rhodes' conviction is in no way based on the definition of crime of violence in 18 U.S.C. § 16(b). Instead, his § 024(c) conviction if for possession of a firearm in furtherance of a "drug trafficking crime." In the Statement of Facts made a part of the Plea Agreement, Rhodes admitted that he possessed the two firearms Dayton police found in the car he fled from were possessed "in furtherance of his drug trafficking activity, primarily as a means of protection for himself and his crack cocaine." (ECF No. 36, PageID 188). Thus the definition of crime of violence in 18 U.S.C. § 16 played no part in Rhodes' conviction.

There is a second reason why the Motion should be dismissed: in ¶ 8 of the Plea Agreement, Rhodes waived the right to file a collateral attack on his conviction (ECF No. 36, PageID 186).

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Motion be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this

conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.


May 31, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).